IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC DETERS | : | CASE NO. 1:20CV362 |
| Plaintiff | : | (Judge Black) |
| | : | (Magistrate Bowman) |
| vs. | : | |
| MATTHEW HAMMER, ET AL | : | **MOTION OF DEFENDANTS** |
| | : | **FOR SUMMARY JUDGMENT** |
| Defendants | : | |

Now come defendants Matthew Hammer (hereinafter "Hammer") and McKenzie and Snyder, LLP, by and through counsel, and move this Court for summary judgment pursuant to Fed. R. Civ. P. 56 as plaintiff cannot prevail on his claims as a matter of law in that defendants are entitled to absolute immunity. This motion is supported by the following memorandum of law, the Affidavit of Matthew Hammer and the deposition of Matthew Hammer.

Respectfully submitted,

JACK C. McGOWAN, LLC

/s/ Jack C. McGowan
Jack C. McGowan   (0005619)
Attorney for Defendants
246 High Street
Hamilton, Ohio 45011
(513)844-2000
(513)868-1190 – Fax

1

## MEMORANDUM

I. **FACTS**

**Plaintiff's Complaint**

Plaintiff has set forth two counts averring the torts of defamation and false light against Hammer, as well as a claim of vicarious liability against defendant McKenzie & Snyder, LLP for Hammer's statements. (Compl., ¶¶ 21 and 30)

Plaintiff contends that Hammer, an attorney at law, made statements to Carl Christiansen on May 15, 2018 which plaintiff claims were disparaging. (Compl., ¶ 13) Specifically, plaintiff contends Hammer's comments referred to the plaintiff's participation in the Durrani litigation. According to plaintiff, Hammer also told Mr. Christiansen on the same day that either plaintiff or someone else pursuant to plaintiff's direction signed Hammer's name to an affidavit, which plaintiff denies. (Compl., ¶ 14) Plaintiff contends that Hammer's statement that the plaintiff engaged in the filing of court papers in Hammer's name without Hammer ever seeing the papers is false. (Compl., ¶ 15) Lastly, plaintiff complains that Hammer stated opinions concerning the merits of the Durrani cases and plaintiff's management of them. (Compl., ¶¶ 17-18)

The statements about which the plaintiff complains were made to the Ohio Bar Association and to Mr. Christiansen who is an investigator for the Kentucky Bar Association. (Hammer Affidavit ¶ 11) While plaintiff contends that Hammer has also made disparaging comments to "many others too on many occasions", there is no particularization of this allegation. (Compl., ¶ 20) Plaintiff maintains that the statements made by Hammer were used in a Kentucky reinstatement proceeding to determine whether plaintiff should be reinstated and that the "Character & Fitness and the Board of Governors" used them to recommend against his reinstatement.

2

Hammer does not deny that he spoke with the Ohio Bar Association or that he also spoke with Mr. Christiansen after being told by a representative of the Ohio Bar Association that he had a duty to speak to Mr. Christiansen. (Hammer Affidavit, ¶¶ 6-13)

## II.  STANDARD ON SUMMARY JUDGMENT

Summary Judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). As stated by the Sixth Circuit Court of Appeals in *Pittman v. Cuyahoga County Dept. of Children and Family Services*, 2011 WL 1901558 (C.A.6 (Ohio)) at *5:

> In considering a motion for summary judgment, "the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "That [Hurry's] motion[] for summary judgment w[as] based on claims of absolute and qualified immunity does not affect the standard of review that applies."

## III.  LAW AND ARGUMENT

Summary judgment is appropriate in this case because the facts demonstrate that Hammer's statements are privileged and that he is immune from a civil action for such statements.

Kentucky has enacted a rule that specifically provides immunity for a lawyer making a voluntary report of other misconduct to Bar Counsel. The full text of the provision reads as follows:

> "A lawyer acting in good faith in the discharge of the lawyer's professional responsibilities required by (a) and (b) or when making a voluntary report of other misconduct shall be immune from any action, civil or criminal, and any disciplinary proceedings before the Bar as a result of said report, except for conduct prohibited by Rule 3.4(f)".

Kentucky SCR 3.130(8.3)(d).

3

Furthermore, Kentucky SCR 2.009 is titled "Immunity" and states as follows: "Any person who communicates information to a member of the Board, Committee or its affiliates concerning an applicant for admission to the Kentucky Bar shall be granted immunity from all civil liability which might result from said communications."

Ohio also affords this same protection. Defendants rely upon *Hecht v. Levin*, 66 Ohio St.3d 458 (1993) and *Baggott v. Hughes*, 34 Ohio Misc. 63 (1973).

Courts have consistently held that all matters relating to the discipline and reinstatement of attorneys at law are inherently judicial in nature and are exclusively under the control of the judicial branch of the government. See *In Re: Nevius*, 191 N.E.2d 166, 169 (1963). "Investigations and proceedings on complaints as to an attorney's professional conduct is a judicial function in Ohio. Article IV, Section 2(B)(1)(g), Ohio Constitution; Rule V(3)(4) Supreme Court Rules for Government of the Bar of Ohio." *Baggott v Hughes*, 34 Ohio Misc. 63, 72 (1973).

The main case that discusses the application of this principle to the interface between an investigation by a bar association and an applicant is *Surace v. Wuliger*, 495 N.E.2d 939 (1986). In that case, the court held that "a statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceedings in which it appears." *Hecht v. Levin*, citing *Surace v. Wuliger*. The court in *Surace* reasoned that the public policy of guaranteeing the free flow of information in judicial proceedings outweighs any hardship to a plaintiff regardless of circumstances. *Id.* The court in *Hecht v. Levin* best expressed the reasoning behind this policy:

> Just as we held in *Surace* that the truth-seeking process in litigation demands the free and unencumbered exchange of statements, so does the process of maintaining the ethical standards of the legal profession. A qualified privilege would open the door to **retaliatory suits** such as the one in this case and would chill the reporting of attorney misconduct.... **A grievance is kept private until a panel**

4

> **of the board makes a finding of probable cause and certifies it to the board. Gov.Bar R. V(11)(E)(2)....** we conclude that the balance between encouraging people to come forward with legitimate complaints and protecting attorneys from harassment is best struck by means of absolute immunity. (Emphasis added.)

*Hecht v. Levin*, 66 Ohio St. 3d 458 (1993).

The law also takes into account the fact that lawyers are obligated by their code of ethics to report attorney misconduct. *See Canon 3(B)(3) of the Code of Judicial Conduct; DR 1-103(A).* The rule adopted in *Hecht v. Levin* encourages attorneys to observe their code of professional conduct without hesitation or fear of retaliation. The Ohio Supreme Court holds that in these situations do not prevent "appropriate disciplinary action against lawyers who file bogus grievances to obtain a tactical advantage in a lawsuit." *Id.*, at 463. Indeed, Deters has also sent his complaints to the Supreme Court of Ohio, despite the Supreme Court of Ohio being the reason for the creation and existence of the statements giving rise to his complaints.

Defendants contend that it is clear that the plaintiff is attempting to impose civil liability on the defendant and his employer for statements made to investigators during the course of an investigation into the plaintiff's fitness to practice law despite the fact that this type of claim has been consistently and repeatedly dismissed.

## IV. CONCLUSION

Defendants respectfully request that their motion for summary judgment be granted on the grounds that the statements made by defendant Hammer are privileged and by law are immune from civil liability, that this action be dismissed with prejudice and that the plaintiff be assessed costs.

JACK C. McGOWAN, LLC

/s/ Jack C. McGowan
Jack C. McGowan   (0005619)
Attorney for Defendants
Matthew Hammer and McKenzie & Snyder
246 High Street
Hamilton, Ohio 45011
(513)844-2000
(513)868-1190 – Fax
jcm@jcmcgowan.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon Eric Deters, 5247 Madison Pike, Independence, KY 41051 by ordinary U.S. mail this 19th day of October, 2020.

/s/ Jack C. McGowan
Jack C. McGowan