**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ERIC DETERS | : | CASE NO. <u>1:20CV362</u> |
| Plaintiff | : | (Judge Douglas R. Cole) |
| | : | (Magistrate Bowman) |
| vs. | : | |
| | : | **DEFENDANTS' REPLY IN** |
| MATTHEW HAMMER, ET AL | : | **SUPPORT OF MOTION** |
| | : | **FOR SUMMARY JUDGMENT** |
| Defendants | : | |

Now come defendants Matthew Hammer (hereinafter "Hammer") and McKenzie and Snyder, LLP, by and through counsel, and for reply in support of their motion for summary judgment offer the following memorandum.

**MEMORANDUM**

Initially, defendants note that the plaintiff does not dispute the statement of facts provided by defendants in their motion for summary judgment. Plaintiff argues, however, that an absolute privilege does not apply. Plaintiff disputes, in essence, that defendant Matt Hammer, an attorney "governed by another state's bar", can defeat legal recourse by the plaintiff who claims to be a victim of a statement known to be "void ab initio".

Defendants contend that they are clothed with absolute immunity under Ohio law as set forth in *Surace v Wuliger* (1986), 25 Ohio St.3d 229, 25 OBR 288, 495 N.E.2d 939, the syllabus of which reads:

> "As a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the alleged defamatory statement bears some reasonable relation to the judicial proceeding in which it appears."

In the case at bar plaintiff alleges that defendants made defamatory statements about him in a proceeding to consider his application to be reinstated to the Kentucky Bar.  Examining each of the alleged defamatory statements shows that every one pertains to the plaintiff's fitness to practice law and each bears some reasonable relation to the Bar proceeding where the issue of whether plaintiff should be reinstated is at issue.

If plaintiff or someone at his direction signed defendant Hammer's name to an affidavit without authorization, such conduct clearly bears upon the trustworthiness of the plaintiff.  Likewise, statements by defendant concerning plaintiff's manner and mode of practice when he was a trial attorney in the *Durrani* litigation touch upon his fitness for reinstatement.  Seeking more clients when he could not manage the ones he had is a commentary that touches on plaintiff's ability to effectively advocate for his clients.  Likewise, if plaintiff was filing documents with a court in Hammer's name without Hammer having seen them, such conduct would be unethical at the least.

Comments about the merits of an untried case and whether plaintiff's approach was in the best interests of his client are obviously opinions, not statements of fact.  Defendant's statements clearly do bear a reasonable connection to whether plaintiff should be readmitted to the Kentucky Bar.  In summary, the statements of defendant that are factual as well as those that are opinions do have a reasonable relationship to the issue of plaintiff's fitness to practice law.

Plaintiff also argues that, theoretically, a person could make a statement with malice and with impunity if the protection of absolute privilege is nevertheless afforded.  However, that is the inherent nature of absolute immunity.

While the privilege historically was raised to defeat defamation claims, it has been broadened in most states to include multiple tort claims.  *See Nationstar Mtge., L.L.C. v. Ritter*,

10th Dist. Franklin Nos. 14AP-1000 and 14AP-1002, 2015-Ohio-3900, ¶ 15 (privilege applied to claims of fraud, slander, and intentional inflection of emotional distress). The 11th Circuit has stated that "'[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior * * * so long as the act has some relation to the proceeding.'" *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004), quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 636 So.2d 606, 608 (Fla. 1994). This is consistent with Ohio law, which provides that litigation privilege operates to protect both actions and statements made in the course of a judicial proceeding that "bears some reasonable relation to the judicial proceeding in which it appears." *See Surace* at 233; *Mootispaw v. Kiger*, 12th Dist. Fayette Case No. CA96-11-025, 1997 Ohio App. LEXIS 1461, @ *3 (Apr. 14, 1997) ("There is an absolute privilege or immunity for statements made in a judicial proceeding that extends to every step in the proceeding, from beginning to end.") Other Ohio courts have expanded the litigation privilege to apply to statements made in quasi-judicial proceedings and to testimony provided during disciplinary hearings of the bar. *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 13AP-696, 2014-Ohio-3043, ¶ 20-21, (student judicial proceedings).

Statements made to a bar association in connection with an attorney disciplinary proceeding are also protected. "A statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding." *Hecht v. Levin* (1993), 66 Ohio St.3d 458, 613 N.E.2d 585, paragraph two of the syllabus. This privilege includes defamation actions and "is applicable even though the statement may have been made with actual malice, in bad faith and with knowledge of its falsity." *Young v. Jones* (1997), 122 Ohio App.3d 539, 543, 702 N.E.2d

445, 447-448, following *Bigelow v. Brumley* (1941), 138 Ohio St. 574, 21 O.O. 471, 37 N.E.2d 584. "A complaint filed with the grievance committee of a local bar association is part of a judicial proceeding." *Hecht*, paragraph one of the syllabus. The reason why absolute immunity is given to statements made in judicial proceedings is to "assure that all participants in a judicial proceeding feel free to testify, question and act." *Elling v. Graves* (1994), 94 Ohio App.3d 382, 386, 640 N.E.2d 1156, 1159. "Ohio courts have long recognized that freedom of speech is essential in a judicial proceeding in order to ascertain the truth and to achieve justice." *Id*.

Defendants point out that it has been recognized by courts that absolute immunity under these circumstances bears some risk that the object of a malicious statement will be left without a remedy. "Although the result may be harsh in some instances and a party to a lawsuit may possibly be harmed without legal recourse, on balance, a liberal rule of absolute immunity is the better policy, as it prevents endless lawsuits because of alleged defamatory statements in prior proceedings." *Surace* at 234. However, the Ohio Supreme Court has determined that such a risk is not outweighed by the need to encourage those with information about the subject of a judicial proceeding to come forth with their information without fear that they will be subject to litigation.

Consequently, the plaintiff is in error in arguing that these defendants may not claim the benefit of the privilege because of supposed bad faith or malice.

According to the defendant Hammer's affidavit, the statements he gave and which are the subject matter of the plaintiff's complaint not only were given to an agent of the Kentucky Bar Association but also at the request of disciplinary counsel for the Ohio State Bar Association, thus fulfilling his obligation to the Ohio Bar to cooperate. Manifestly, defendant's statements were made in connection with a quasi-judicial proceeding and are therefore within the scope of absolute immunity.

In conclusion, defendants respectfully submit that the plaintiff's complaint does not state an actionable claim for relief against either defendant, and each of them request summary judgment in their favor dismissing the complaint with prejudice at the costs of the plaintiff.

> Respectfully submitted,
>
> JACK C. McGOWAN, LLC
>
> /s/ Jack C. McGowan
> Jack C. McGowan   (0005619)
> Attorney for Defendants
> Matthew Hammer and McKenzie & Snyder
> 246 High Street
> Hamilton, Ohio 45011
> (513)844-2000(513)868-1190 – Fax
> jcm@jcmcgowan.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served upon Eric Deters, 5247 Madison Pike, Independence, KY  41051 by ordinary U.S. mail this 23rd day of November, 2020.

> /s/ Jack C. McGowan
> Jack C. McGowan