**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**ERIC DETERS**

    **Plaintiff,**

v.

    **Case No. 1:20-cv-362
JUDGE DOUGLAS R. COLE**

**MATTHEW HAMMER, et al.,**

    **Defendants.**

## OPINION AND ORDER

Matthew Hammer gave information to disciplinary counsel in Kentucky and Ohio in connection with their investigations of potential disciplinary actions against Eric Deters, an attorney. Deters claims Hammer willfully lied to those investigators. Deters responded by suing Hammer for defamation (and his law firm on a vicarious liability theory). Defendants sought summary judgment. (Doc. 14). The Magistrate Judge assigned to the matter issued a Report & Recommendation (R&R) (Doc. 22), recommending the Court grant that motion, as the statements were made as part of a judicial proceeding and are thus entitled to absolute immunity. The R&R further claims that, given the weakness of Deters' arguments, the Court should consider sanctions against Deters to impede his ability to file such suits in the future. Deters objected to the R&R. (Doc. 23). As discussed below, the Court now **OVERRULES** the Objections (Doc. 23), **ADOPTS** the R&R (Doc. 22), and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 14). The Court declines to impose sanctions at this time, but agrees with the Magistrate Judge that Deters' lawsuit borders on frivolous.

## BACKGROUND

The facts in this matter are largely undisputed. (*See* Def. Prop. Undisp. Facts, Doc. 14-2; Pl. Opp. to Mot. for Summ. J., Doc. 16, #219 ("Plaintiff does not dispute the statements of facts provided by Defendants in the Motion ....")). Key to the R&R, the parties agree that Hammer made all of the statements at issue in this lawsuit to an investigator for the Kentucky Bar Association, in connection with an investigation of Deters' application for reinstatement to the Bar in the Commonwealth of Kentucky. Hammer admits he had also made similar comments to an investigator for the Ohio Bar Association. Deters claims that Hammer knew the statements were false when he made them. Deters thus filed a pro se Complaint against Hammer (and the firm for which he now works) asserting claims for defamation and invasion of privacy. (*See* Compl., Doc. 1).

The Defendants moved for summary judgment claiming absolute immunity, as the statements at issue were made in connection with a judicial proceeding. (Mot. for Summ. J., Doc. 14). The Magistrate Judge agreed. (R&R, Doc. 22).

Before reaching the merits, the R&R began with a choice-of-law issue. As the alleged statements were made in Ohio, and as Ohio has a strong interest in protecting the immunity that it extends to statements made in connection with judicial proceedings, and as the parties both asserted that Ohio law applied, the R&R concluded that it was appropriate to apply Ohio law. (*Id.* at #311).

Turning to the merits, the R&R began by noting that Ohio law offers absolute immunity for statements made in connection with judicial proceedings. The R&R further found that Kentucky disciplinary proceedings, including reinstatement

2

efforts, are "judicial proceedings." Accordingly, the R&R found that the statements here were entitled to absolute immunity. (*Id.* at #313).

In connection with the summary judgment briefing, Deters had pressed two arguments to the contrary: (1) that immunity under Ohio law extends only to *Ohio* judicial proceedings, and not Kentucky judicial proceedings; and (2) that such immunity does not extend to knowingly false statements. The R&R rejected both arguments. As to the former, the R&R concluded that what matters is that the statements "occurred within the context of a judicial proceeding," not where that judicial proceeding occurred. (*Id.*). And on the latter front, the R&R explained that the difference between absolute immunity and qualified immunity is that, while the latter does not extend to knowingly false statements, absolute immunity does. As the immunity here is absolute, Deters' claims of falsity did not matter. (*Id.* at #313–14). Indeed, this principle—that knowing falsity does not matter for absolute immunity— is so well settled that the R&R suggested the Court may want to consider sanctions to deter Deters from filing a similar action in the future. (*Id.* at #316 –19).

Deters objected to the R&R—or perhaps "vented" may be a more appropriate term. Deters begins by claiming that his "great sin has been aggressive fighting for the right, which is the noblest sport the world affords" (a quote he attributes to Theodore Roosevelt), and that this "includes fighting for [him]self." (Obj., Doc. 23, #322). Rather than provide a list of specific objections to the R&R, Deters avers that his "memorandum [in opposition to summary judgment] accurately reflects the facts

3

and law which the Magistrate ignores." (*Id.*). He thus "incorporate[s] and reference[s] it all" in his Objection. (*Id.*).

Beyond purportedly incorporating by reference the entirety of his previous briefing, Deters does point to at least some alleged specific factual and legal flaws in the R&R. (As to the latter, though, he notably does so without benefit of a single citation to case law of any kind.) On the factual front, Deters claims that the R&R failed to account for the fact that Hammer's statements were "willfully" and "categorically" false. (*Id.*). On the legal front, he asserts that "[f]or the reasons laid out in my brief, it is very clear that the Ohio Exception [i.e., absolute immunity for judicial proceedings] only applies to Ohio law." (*Id.*). Accordingly, "the Ohio immunity clause should not protect statements made to a Kentucky investigator." (*Id.* at #323).

As for sanctions, it is fair to say that Deters believes they are not appropriate. Indeed, he is "sick and tired of being the 'boogie man.'" (*Id.*). He is "ready to fight back in the Court of public opinion," and claims that "not ONE rational unbiased person would not understand [his] lawsuit against Matt Hammer." (*Id.*). All that being said, he invites the Court to "do to [him] as it will," as he is "tired of it all," and "no longer give[s] a damn." (*Id.* at #324).

He ends his Objections by insisting that his "claim should be allowed to proceed," either now or "after the Sixth Circuit rules, because [he] will appeal any adverse decisions." (*Id.* at #324). And he insists that he has been subject to "the greatest injustice ever perpetrated on an attorney." (*Id.*). Then, to ensure no shortfall on the factual record, he attaches to his Objections his 47-page affidavit recounting

4

the entirety of his "battle" with the Kentucky Bar Association. (*See id.* at #324 (referencing battle) and #325–371 (attaching affidavit)). Defendants have since responded to the Objections. (Doc. 24). Accordingly, the matter is now fully briefed and before the Court.

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). But objections must be specific—a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Here, the plaintiff is proceeding pro se. As a general matter, a pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21

(1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And that is particularly apt here as the pro se litigant at issue is an attorney, even if he is currently retired from the Ohio bar and suspended from the bar in Kentucky.

It is also important to note that the R&R to which Deters objects addresses a summary judgment motion. On that front, "[t]he 'party seeking summary judgment,' here Defendants, "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *See, e.g.*, *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). But the non-moving party cannot defeat a motion for summary judgment merely by pointing to any factual dispute. As the Sixth Circuit has explained, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (bracket omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). Here, though, it bears remembering that there is no real factual dispute. The key issues are legal—i.e., the extent to which absolute immunity applies to the undisputed statements at issue here, and whether a claim of actual falsity is sufficient to overcome absolute immunity.

## LAW AND ANALYSIS

To the extent that Deters purports to incorporate in his Objections, by reference, the entirety of his briefing below, that constitutes a "general objection" to which the Court need not, and thus does not, respond. The R&R process is not designed to allow a litigant merely to rehash the arguments that he made below, hoping for a fresh bite at the judicial apple. *See Richards*, 2013 WL 5487045, at *1 (finding no proper objection where plaintiff only repeated arguments made in earlier briefing rather than identifying specific errors in the R&R).

As far as the Court can tell, then, that leaves two objections. First, Deters claims that Ohio immunity should not apply to statements used in connection with the Kentucky bar disciplinary process. Second, Deters contends that absolute immunity does not protect a person from liability for statements that are knowingly false. The Court addresses the two objections in that order.

Long settled Ohio law holds that "[a] statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears." *Hecht v. Levin*, 613 N.E.2d 585, 587 (Ohio 1993) (citing *Surace v. Wuliger*, 495 N.E.2d 939, syllabus (Ohio 1986)). Moreover, it is equally well settled that a disciplinary action against an attorney is a "judicial proceeding" for purposes of the absolute immunity rule. *Id*. at 588 (noting that a disciplinary action is a judicial proceeding, and that thus "a statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action …"). Further, the "absolute privilege or 'immunity' for statements made in a judicial proceeding extends to every step in

the [disciplinary] proceeding, from beginning to end." *WFG Nat'l Title Ins. Co. v. Meehan*, 107 N.E.3d 60, 67 (Ohio Ct. App. 2018) (citing *M.J. DiCorpo, Inc. v. Sweeney*, 634 N.E.2d 203, 209 (Ohio 1994)).

Deters does not appear to quibble so much with those principles, but rather claims that they do not apply here, as, according to him, they extend only to *Ohio* judicial proceedings, while the proceedings here are *Kentucky* proceedings. The Court disagrees. As far as the Court can tell, none of the Ohio case law referring to absolute immunity for statements in judicial proceedings holds that such immunity is limited to statements made or used in Ohio proceedings. Certainly Deters has not cited to any such case law in his Objections (indeed, as noted, he did not cite to any case law at all). Moreover, that limitation would make little sense considering the rationale underlying the rule. As the Ohio Supreme Court explained it in *Hecht*, "[j]ust as we held in *Surace* that the truth-seeking process in litigation demands the free and unencumbered exchange of statements, so does the process of maintaining the ethical standards of the legal profession." *Hecht*, 613 N.E.2d at 589. There is no reason to believe that the public interest in the "truth-seeking process" or "maintaining the ethical standards of the legal profession" stops at Ohio's border.

That being said, Deters' objection on this front is not the model of clarity. Perhaps he is instead arguing that the Kentucky disciplinary process is not a "judicial process" as that term is understood in Ohio law. That is, maybe his objection is not directed so much at *where* the process occurred, but rather he is claiming that the *substance* of the process means it is not a "judicial" process. But if that is his

8

argument, that doesn't work either. In its decisions describing the attorney disciplinary process as "judicial," the Ohio Supreme Court does not tie that categorization to any unique aspects of Ohio law. To the contrary, the Ohio Supreme Court suggests that the characterization of the process as "judicial" arises from the fact that the power to discipline attorneys "rests inherently in the judicial branch of the government." *In re Nevius*, 191 N.E.2d 166, 170 (Ohio 1963). That sounds like a statement about the allocation of power in a tri-partite form of government generally, not a statement about Ohio's particular disciplinary process. Indeed, in tracing this line of cases farther back, the Ohio Supreme Court appears to have arrived at this result, at least in part, based on its determination that other States likewise view their disciplinary proceedings as "judicial." *See In re McBride*, 132 N.E.2d 113, 115–16 (1956) (noting that the view of disciplinary proceedings as inherently judicial "finds abundant support in numerous cases from other jurisdictions" and citing cases). And Kentucky clearly falls into that camp. *See Kentucky Bar Ass'n v. Vincent*, 538 S.W.2d 39, 42 (Ky. 1976) (noting that "the power of the court [to undertake attorney disciplinary proceedings] … is inherently a judicial function, without which courts of justice could scarcely survive").

In sum, the Court concludes that the Kentucky disciplinary process is a "judicial process" for purposes of Ohio immunity law. Thus absolute immunity extends to statements made in connection with that process. The Court overrules Deters' objection claiming otherwise.

9

That leads to Deters' next objection. He claims that absolute immunity under Ohio law does not shelter knowingly false statements. He is wrong. As the Ohio Supreme Court has explained, "absolute immunity" means that "[t]he privilege exists irrespective of the relationship between complainant and attorney, *and irrespective of whether the statement was made in bad faith.*" *Hecht*, 613 N.E.2d at 588 (emphasis added). And, of course, the Ohio Supreme Court is the final arbiter of Ohio law. Accordingly, the Court overrules Deters' objection to the extent that he is arguing that a showing of bad faith would suffice to vitiate absolute immunity.

That leaves the question of sanctions. The R&R suggests that Deters is "skating on thin ice" as he "has filed suit against defendants who enjoy absolute immunity on multiple occasions," "either fail[ing] to understand or willingly disregard[ing] that clear legal doctrine." (R&R, Doc. 22, #319). The Court largely agrees with that characterization. At the same time, Deters is correct that there does not appear to be any Ohio case law expressly applying absolute immunity in the factual setting of statements made for use in connection with another State's disciplinary process. While that seems a slim reed, the Court concludes that sanctions are not currently warranted. That being said, Deters is now on notice that absolute immunity applies to such statements, so a further lawsuit of this type may lead to a different outcome on the sanctions question.

## CONCLUSION

For the reasons above, the Court **OVERRULES** Deters' Objections (Doc. 23). The Court therefore **ADOPTS** the R&R (Doc. 22), and thus **GRANTS** Defendants'

10

Motion for Summary Judgment (Doc. 14) and **DISMISSES** this action **WITH PREJUDICE**. The Clerk is directed to enter judgment in Defendants' favor and terminate this action on the Court's docket.

    **SO ORDERED.**

October 21, 2021
**DATE**

                         **DOUGLAS R. COLE**
                         **UNITED STATES DISTRICT JUDGE**